UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  0:24cv61998

**ADALIS MOLINA-BURSET,**

    Plaintiff,

v.

**PROFESSIONAL PARKING
MANAGEMENT CORPORATION,
YSA ARM LLC D/B/A OXYGEN XL**,
and **JOHN DOE**,

    Defendants.

_____/

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiff Adalis Molina-Burset ("Plaintiff" or "Molina-Burset") sues Professional Parking Management Corporation, YSA ARM LLC *doing business as* Oxygen XL, and John Doe (collectively, "Defendants") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### PARTIES

3. Molina-Burset is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant Professional Parking Management Corporation ("PPM") is a Georgia corporation, with its principal place of business located in Fort Lauderdale, FLorida. As detailed below, PPM, among other things, operates a Parking Lot owned by John Doe.

5. Defendant YSA ARM LLC *doing business as* Oxygen XL ("Oxygen XL") is a new York corporation, with its principal place of business located in Spring Valley, New York. As detailed below, Oxygen XL is the debt collector hired by PPM and/or John Doe to collect consumer debts from Plaintiff.

6. Defendant John Doe ("JD") is the unknown, but identifiable, owner of the Parking Lot identified below operated by PPM.

**DEMAND FOR JURY TRIAL**

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

8. Private property located at 3160 NE 9th Street, Fort Lauderdale, Florida 33304, holds itself open to the public for motor vehicle parking (the "Parking Lot").

9. JD is the owner of the Parking Lot.

10. JD is an entity that is separate and distinct from PPM.

11. On a date better known by Defendants, JD hired PPM to operate the Parking Lot.

12. At all times material, PPM was the operator of the Parking Lot and JD was the owner of the Parking Lot.

13. Any funds collected from consumers by PPM, or funds paid to PPM by consumers, in connection with PPM's operation of the Parking Lot, or in connection with a consumer's alleged use of the Parking Lot, are funds collected by PPM on behalf of JD.

14. JD is the creditor of debts incurred by consumers for their alleged use of the Parking Lot.

15. PPM collects the debts owed to JD by consumers for the consumers' alleged use of the Parking Lot.

16. On July 13, 2024, Molina-Burset drove her vehicle into the Parking Lot, parked her vehicle, and paid $11.70 to JD and/or PPM using her credit card ending with 1006 for her use of the Parking Lot between 8:00 PM and 10:00 PM by using self-service payment booth located within the Parking Lot itself.

17. Below is an image of the Parking Lot, whereby the payment booth utilized by Plaintiff on July 13, 2024, is circled in red:



18. On a date better known by PPM, PPM mailed Molina-Burset a "Notice of Non-Compliance – FINAL NOTICE" internally dated August 16, 2024 (the "Final Notice").

19. Attached as Exhibit "A" is a copy of the Final Notice.

20. The Final Notice demands payment from Molina-Burset for her use of the Parking Lot on July 13, 2024, between 8:00 PM and 9:35 PM.

21. The Final Notice demanded payment from Molina-Burset for a debt which had already been paid and/or otherwise is an illegitimate debt because Molina-Burset had paid for her use on the Parking Lot on July 13, 2024, using the self-service payment booth.

22. PPM knew the amount demanded in the Final Notice was illegitimate because PPM knew that it received payment from Plaintiff on July 13, 2024, for her use of the Parking Lot.

23. The Final Notice demands payment from Molina-Burset despite the fact that Molina-Burset had paid for her usage of the Parking Lot.

24. The Final Notice states "[t]his notice is an attempt to collect a debt, and any information obtained will be used for that purpose."

25. Molina-Burset did not agree to the "Parking Contract" mentioned in Final Notice, nor were the terms and conditions clearly displayed at the Parking Lot.

26. Using the license plate number codified on the Final Notice, PPM submitted an unauthorized request to Florida Department of Transportation and, in so doing, obtained access to Molina-Burset's highly restricted personal information.

27. Without Molina-Burset authorization, and without a permissible purpose under either 18 U.S.C § 2721 or Fla. Stat. § 119.0712, PPM illegally obtained Molina-Burset's highly restricted personal information by scanning her vehicle's license plate and used the collected information to demand payment from her by and through the Final Notice.

28. The Final Notice serves as PPM's initial communication with Molina-Burset in connection with the debt she owed for her alleged use of the Parking Lot from 8:00 PM to 9:35 PM on July 13, 2024.

29. PPM is a business entity engaged in the business of soliciting consumer debts for collection.

30. PPM is a business entity engaged in the business of collecting consumer debts.

31. PPM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

32. PPM failed to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

33. PPM failed to disclose in the Final Notice that it (PPM) was a debt collector.

34. PPM failed to disclose the information required by 15 U.S.C. § 1692g(a) to Molina-Burset either within the Final Notice or within five (5) days thereof.

35. PPM lacks the contractual right to demand payment from Molina-Burset in the amount of $90.00 for her alleged use of the Parking Lot from 8:00 PM to 9:35 PM on July 13, 2024, in the Final Notice.

36. Despite demanding payment from Molina-Burset for a debt which was false and/or otherwise already paid by Molina-Burset on July 13, 2024, PPM proceeded to hire an outside collection agency, Oxygen XL, to continue demanding payment from Molina-Burset for her alleged use of the Parking Lot from 8:00 PM to 9:35 PM on July 13, 2024.

37. On a date better known by PPM and Oxygen XL, PPM transmitted to Oxygen XL the highly restricted personal information it (PPM) unlawfully obtained from Molina-Burset by scanning her license plate.

38. Oxygen XL is a business entity engaged in the business of soliciting consumer debts for collection.

39. Oxygen XL is a business entity engaged in the business of collecting consumer debts.

40. Oxygen XL regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

41. Oxygen XL is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

42. Oxygen XL maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

43. Oxygen XL specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

44. Oxygen XL's "Consumer Collection Agency" license to remain valid, Oxygen XL is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

45. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Oxygen XL *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

46. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Oxygen XL *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

47. On a date better known by Oxygen XL, it sent Molina-Burset a letter internally dated September 26, 2024 (the "Collection Letter") in an attempt to collect $90.00 for her alleged use the Parking Lot from 8:00 PM to 9:35 PM on July 13, 2024.

48. Attached as Exhibit B is a copy of the Collection Letter.

49. The Collection Letter demanded payment from Molina-Burset for a debt which had already been paid.

50. The debt demanded in the Collection Letter represents an amount which neither Oxygen XL, nor PPM, had any statutory or contractual right to assess or attempt to collect from Molina-Burset for her alleged use the Parking Lot from 8:00 PM to 9:35 PM on July 13, 2024.

51. Oxygen XL was required to provide "validation information" in the Collection Letter. *See* 12 C.F.R. § 1006.34(c).

52. The "validation information" that Oxygen XL was required to provide in the Collection Letter includes, but is not limited to, "information about the debt." *See* 12 C.F.R. § 1006.34(c)(2).

53. Among the information that Oxygen XL was required to provide was an "itemization date," of which could be one of five different dates, *i.e.*, (1) the last statement date; (2) the charge-off date; (3) the last payment date; (4) the transaction date; or (5) the judgment date.

54. The "itemization date" used by Oxygen XL in the Collection Letter was July 16, 2024.

55. July 16, 2024, is not the date of the last statement from PPM.

56. July 16, 2024, is not the charge-off date of the subject debt.

57. July 16, 2024, is not the date the last payment date for the subject debt.

58. July 16, 2024, is not the transaction date of the subject debt.

59. July 16, 2024, is not the judgment date for the subject debt.

60. The Collection Letter falsely represents that, as of July 16, 2024, Molina-Burset owed $90.00.

61. Plaintiff was misled into believing the amount demanded in the Collection Letter was legitimate, and as a result thereof, paid $94.99 to Defendants on October 21, 2024.

**COUNT 1**
**VIOLATION OF FLA. STAT. § 559.72(9)**
(against PPM and JD)

62. Plaintiff incorporates by reference paragraphs 8 through 61 of this Complaint.

63. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such Person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla Stat. § 559.72(9).

64. By and through the Final Notice, PPM sought the collection of an illegitimate debt because Molina-Burset paid for her use of the Parking Lot from 8:00 PM to 10:00 PM on July 13, 2024. PPM knew that it lacked any contractual right to demand double payment from Molina-Burset because (1) no enforceable contract existed between PPM and Molina-Burset that would permit it (PPM) to demand double payment from Plaintiff. Thus, by demanding payment from Molina-Burset in the Final Notice PPM violated § 559.72(9) of the FCCPA.

65. By and through the Final Notice, PPM asserted the legal right to collect Molina-Burset's highly restricted personal information by scanning her vehicle's license plate. PPM, however, did so without Molina-Burset authorization, and without a permissible purpose under

either 18 U.S.C § 2721 or Fla. Stat. § 119.0712. PPM knew it illegally obtained Molina-Burset's highly restricted personal information, as it (PPM) knew it lacked Molina-Burset authorization, as well as lacked any permissible purpose under either 18 U.S.C § 2721 or Fla. Stat. § 119.0712. Thus, by asserting the right to unlawfully collect Molina-Burset's highly restricted personal information without her authorization and without any permissible purpose, and to then use said unlawfully collected highly restricted personal information to bill Molina-Burset, PPM violated § 559.72(9) of the FCCPA.

66. JD contracted with PPM to operate the Parking Lot, whereby the operation thereof included sending consumers billing statements for their alleged use of the Parking Lot. As such, the above-mentioned violation of Fla. Stat. § 559.72(9) committed by PPM are the product of acts and/or omission perpetrated by PPM within the scope and course of agency between it (PPM) and JD. Thus, as the owner of the Parking Lot and having intentionally contracted with PPM for the operation thereof on its (JD's) behalf, JD is vicariously liable for PPM's violation of Fla. Stat. § 559.72(9). As such, JD and PPM violated Fla. Stat. § 559.72(9) in two separate and independent ways: (1) by demanding payment from Molina-Burset in the Final Notice; and (2) by asserting the right to unlawfully collect Molina-Burset's highly restricted personal information without her authorization and without any permissible purpose, and to then use said unlawfully collected highly restricted personal information to bill Molina-Burset.

67. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against PPM and JD, awarding Plaintiff the following relief

    (a) Statutory and actual damages as provided under Fla. Stat. § 559.77(2);

    (b) Actual damages as provided under Fla. Stat. § 559.77(2);

    (c) Punitive damages as provided under Fla. Stat. § 559.77(2)

(d)   An injunction prohibiting PPM from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(e)   Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

(f)   Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF 15 U.S.C. § 1692e(11)
(against PPM)

68.   Plaintiff incorporates by reference paragraphs 8 through 61 of this Complaint.

69.   Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he failure to disclose in the initial written communication with the consumer … that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose…." 15 U.S.C. § 1692e(11).

70.   As stated above, by and through the Final Notice, PPM, as the debt collector hired by JD to collect debts arising from a consumer's use of the Parking Lot, demanded payment from Molina-Burset for her alleged use of the Parking Lot from 8:00 PM to 9:35 PM on July 13, 2024. PPM, however, failed to disclose in the Final Notice that it (PPM) was a debt collector. Thus, by failing to provide the compulsory disclosures required by § 1692e(11) of the FDCPA in Final Notice, PPM violated 15 U.S.C. § 1692e(11).

71.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief:

(a)   Statutory damages as provided under 15 U.S.C. § 1692k;

(b)   Actual damages as provided under 15 U.S.C. § 1692k

(c)   Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

  (d)  Any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF 15 U.S.C. §§ 1692g and 1692e**
(against PPM)

72. Plaintiff incorporates by reference paragraphs 8 through 61 of this Complaint.

73. Section 1692g(a) of the FDCPA requires that a debt collector send the consumer a written notice containing the information set forth under § 1692g(a)(1)-(5) of the FDCPA either within its initial communication with the consumer in connection with the collection of a debt or within five (5) days of the debt collector's initial communication with the consumer in connection with the collection of a debt. *See* 15 U.S.C. § 1692g(a). Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

74. Here, the Final Notice represent PPM's initial communication with Molina-Burset in connection with the collection of the parking charges. As a result, PPM was required to provide Molina-Burset with written notice of the information contained under § 1692g(a) of the FDCPA either within the Final Notice or within five (5) days thereof.

75. The Final Notice did not disclose the information required by § 1692g(a)(3)-(5) of the FDCPA and PPM failed to provide Molina-Burset with written notice of the omitted information within five (5) days of the Final Notice. Thus, by failing to provide Molina-Burset with sufficient notice of the information contained under § 1692g(a)(3)-(5) of the FDCPA, PPM violated § 1692g and § 1692e of the FDCPA.

76. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief:

  (a)  Statutory damages as provided under 15 U.S.C. § 1692k;

(b)     Actual damages as provided under 15 U.S.C. § 1692k

(c)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d)     Any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF 15 U.S.C. §§ 1692e, 1692f, and 1692g**
(against Oxygen XL)

77.     Plaintiff incorporates by reference paragraphs 8 through 61 of this Complaint.

78.     Pursuant to 12 C.F.R. § 1006.34, a debt collector must provide a consumer with certain validation information. Section 1006.34(c)(2), of which requires "information about the debt" to be disclosed, provides an explicit list information, of which includes, but is not limited to, "the name of the creditor to whom the debt was owed on the itemization date." The itemization date identified in the Collection Letter, however, was not (1) the last statement date; (2) the charge-off date; (3) the last payment date; (4) the transaction date; or (5) the judgment date.

79.     Section 1692e of the FDCPA prohibits, among other things, "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) of the FDCPA explicitly prohibits "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). Section 1692f of the FDCPA prohibits, among other things, "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, provide consumers with certain information, and to make such disclosures and provide such information within a specific timeframe. *See* 15 U.S.C. § 1692g(a)(1)-(5).

80.     Here, Oxygen XL was required to identify the name of the creditor to whom the debt was owed on the itemization date pursuant to 12 C.F.R. § 1006.34(c)(2)(iii). The Collection

Letter, however, fails to identify the name of the creditor to whom the debt was owed on a permissible itemization date in violation of 12 C.F.R. § 1006.34(c)(2)(iii).

81. Oxygen XL violated § 1692e of the FDCPA by failing to identify in the Collection Letter the name of the creditor to whom the Consumer debt was owed on a permissible itemization date because Oxygen XL is *required* by 12 C.F.R. § 1006.34(b)(3) was select a permissible itemization date when identifying the creditor in the Collection Letter and failing to do so is false, deceptive, and/or otherwise misleading to the least sophisticated consumer.

82. Oxygen XL violated § 1692f of the FDCPA by failing to identify in the Collection Letter the name of the creditor to whom the Consumer debt was owed on a permissible itemization date because Oxygen XL is *required* by 12 C.F.R. § 1006.34(b)(3) was select a permissible itemization date when identifying the creditor in the Collection Letter and failing to do so constitutes unfair and/or otherwise unconscionable means to collect the Consumer Debt.

83. Oxygen XL violated § 1692g of the FDCPA by failing to identify in the Collection Letter the name of the creditor to whom the Consumer debt was owed on a permissible itemization date because Oxygen XL is *required* by 12 C.F.R. § 1006.34(b)(3) was use a valid itemization date when identifying the creditor in the Collection Letter and failing to do so in the Collection Letter.

84. As such, by failing to identify in the Collection Letter the name of the creditor to whom the debt was owed on a valid itemization date, Oxygen XL violated § 1692e of the FDCPA, § 1692f of the FDCPA, and § 1692g of the FDCPA.

85. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief:

    (a) Statutory damages as provided under 15 U.S.C. § 1692k;

    (b) Actual damages as provided under 15 U.S.C. § 1692k

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
(against Oxygen XL)

86. Plaintiff incorporates by reference paragraphs 8 through 61 of this Complaint.

87. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

88. Here, the Collection Letter falsely represents that, as of September 26, 2024, Molina-Burset owed $90.00 to PPM and, in so doing, falsely represented the amount of the debt. Thus, by representing the amount of the debt as an amount greater than zero, Oxygen XL violation § 1692e(2)(A) of the FDCPA.

89. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief:

(a) Statutory damages as provided under 15 U.S.C. § 1692k;

(b) Actual damages as provided under 15 U.S.C. § 1692k

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances.

### COUNT 6
### VIOLATION OF 15 U.S.C. § 1692e
(against Oxygen XL)

90. Plaintiff incorporates by reference paragraphs 8 through 61 of this Complaint.

91. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

92. As stated above, PPM did not have any contractual or statutory right to demand payment from Molina-Burset in the amount for her use of the Parking Lot from 8:00 PM to 9:35 PM on July 13, 2024, because Molina-Burset had paid for her use of the Parking Lot on July 13, 2024, using the self-service terminal located within the Parking Lot. Thus, Oxygen XL equally lacked any contractual or statutory right to demand payment from Molina-Burset in any amount for her use of the Parking Lot from 8:00 PM to 9:35 PM on July 13, 2024. Thus, by portraying the debt in the Collection Letter as a legitimate debt that Oxygen XL could lawfully demand payment thereof on behalf of PPM, Oxygen XL violated § 1692e of the FDCPA.

93. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief:

    (a) Statutory damages as provided under 15 U.S.C. § 1692k;

    (b) Actual damages as provided under 15 U.S.C. § 1692k

    (c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (d) Any other relief that this Court deems appropriate under the circumstances.

DATED: October 24, 2024

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:   561-542-8550